IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BILL WORD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br><br>Defendant. | Case No. 2:24-cv-00130-Z |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant the U.S. Department of Energy hereby moves to dismiss Plaintiff's Complaint, ECF No. 1, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................... 1

**BACKGROUND** ................................................................................................................. 2

    **I.  STATUTORY AND REGULATORY HISTORY** ........................................................................ 2

    **II. PROCEDURAL HISTORY** ................................................................................................. 4

**LEGAL STANDARD** ........................................................................................................ 4

**ARGUMENT** ...................................................................................................................... 5

    **I.  THE COURTS OF APPEALS HAVE EXCLUSIVE JURISDICTION OVER CHALLENGES TO EPCA RULES** ............................................................................................................................ 5

    **II. PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED AN INJURY IN FACT.** ............................. 10

**CONCLUSION** ................................................................................................................. 13

**INTRODUCTION**

The Energy Policy and Conservation Act of 1975 ("EPCA") prescribes efficiency standards for certain home appliances, including water-efficiency standards for residential dishwashers and clothes washers. *See generally* 42 U.S.C. § 6295; *id.* §§ 6295(g)(9)(A)(ii) (clothes washers), 6295(g)(10)(A) (dishwashers). Pursuant to an EPCA-specific rulemaking provision, 42 U.S.C. § 6295(p)(4), the Department of Energy recently issued two Direct Final Rules ("DFRs") to amend EPCA's water-efficiency standards for residential dishwashers and clothes washers. *See* Energy Conservation Standards for Dishwashers, 89 Fed. Reg. 31,398 (Apr. 24, 2024) ("Dishwashers DFR"); Energy Conservation Standards for Residential Clothes Washers, 89 Fed. Reg. 19,026 (Mar. 15, 2024) ("Clothes Washers DFR"). Plaintiffs ask this Court to declare that the DFRs were unlawful and to enjoin the Department from issuing any water-efficiency standards for appliances other than showerheads, faucets, water closets, or urinals (which Plaintiffs agree can be lawfully regulated). *See* Compl. at 12 (Prayer for Relief).

This Court lacks jurisdiction to hear Plaintiffs' claims for two independent reasons:

*First*, EPCA requires "[a]ny person who will be adversely affected by" an EPCA rule to "file a petition with the United States court of appeals for the circuit in which such person resides or has his principal place of business." 42 U.S.C. § 6306(b)(1). Such provisions are common in administrative law, and it is well established that these "[s]pecific grants of jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts." *Ligon v. LaHood*, 614 F.3d 150, 154–55 (5th Cir. 2010) (citing *Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990) ("[W]here Congress has provided for review jurisdiction in the court of appeals, jurisdiction there is exclusive.")); *see also Telecomm. Rsch. & Action Ctr. v. Fed. Commc'n Comm'n*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("[A] statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." (collecting cases)). In the only case

1

to consider EPCA specifically, the Second Circuit held that Section 6306 preempts jurisdiction in district court over challenges to EPCA rules. *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 185 (2d Cir. 2004). Plaintiffs must challenge the DFRs, if at all, in the Fifth Circuit—as one Plaintiff already has.

*Second*, Plaintiffs have not adequately pled an injury in fact sufficient for Article III standing. They offer two bare sentences, alleging only that they "are consumers of consumer appliances" and "are harmed by these recent direct final rules, because their choice of a preferred clothes washer or dishwasher would be eliminated by these rules." Compl. ¶ 43. That is not a sufficient allegation of harm. For starters, neither Plaintiff even alleges that he owns a dishwasher or clothes washer, or that he plans to purchase one that might be affected by the DFRs. Plaintiffs do not plausibly connect any impact of the challenged DFRs—which will only affect dishwashers manufactured three years from now, and clothes washers manufactured four years from now—to any imminent constriction in market choices. Because Plaintiffs have not plausibly pled an injury in fact, their case should be dismissed.

## BACKGROUND

**I.    STATUTORY AND REGULATORY HISTORY.**

EPCA was passed "following the oil embargo imposed by the Organization of Oil Producing and Exporting Countries ('OPEC') in 1973" and associated energy crisis. *Abraham*, 355 F.3d at 185. Among other things, the drafters of the law sought to reduce demand for energy by improving the energy efficiency of consumer products. *Id.* The statute initially focused on "improving the energy efficiency of thirteen named home appliances that Congress determined contributed significantly to domestic energy demand." *Id.* It also vested the Administrator of the Federal Energy Administration (a precursor agency to the Department of Energy) with discretion to regulate additional products that he determined similarly contributed to energy demand. *Id.*

In 2007, Congress amended EPCA and established energy and water use performance standards for residential dishwashers and clothes washers. *See* Energy Independence and Security Act of 2007, Pub. L. No. 110-140, § 311(a)(2) ("EISA") (adding 42 U.S.C. §§ 6295(g)(9), 6295(g)(10)). Those included water-efficiency standards. *Id.* (adding 42 U.S.C. §§ 6295(g)(9)(A)(ii), 6295(g)(10)(A)(i)–(ii)). EISA also directed the Secretary of Energy to publish final rules, by certain dates, "determining whether to amend the standards" for dishwashers and clothes washers. *Id.* (adding 42 U.S.C. §§ 6295(g)(9)(B), 6295(g)(10)(B)).

Under EPCA, the Department may promulgate a "direct final rule" under certain circumstances. *See* 42 U.S.C. § 6295(p)(4). As relevant here: upon "receipt of a statement that is submitted jointly by interested persons that are fairly representative of relevant points of view (including representatives of manufacturers of covered products, States, and efficiency advocates)," *id.* § 6295(p)(4)(A), if the Secretary "determines that the recommended standard contained in the statement is in accordance with subsection (o) [criteria for new or amended standards] of" EPCA, *id.* § 6295(p)(4)(A)(i), then the Department "may issue a final rule that establishes an energy or water conservation standard," *id.* That "direct final rule" is "published simultaneously with a notice of proposed rulemaking that proposes a new or amended energy or water conservation standard and is identical to the standard established in the [DFR]." *Id.*

The Department first issued DFRs pertaining to dishwashers and clothes washers in May 2012. *See* Energy Conservation Standards for Residential Clothes Washers, 77 Fed. Reg. 32,308 (May 31, 2012) ("2012 Clothes Washers DFR"); Energy Conservation Standards for Residential Dishwashers, 77 Fed. Reg. 31,918 (May 30, 2012) ("2012 Dishwashers DFR"). Those standards persisted until the Dishwashers DFR and Clothes Washers DFR at issue in this case.

**II.    PROCEDURAL HISTORY.**

On June 13, 2024, Plaintiffs Bill Word and David Daquin filed suit in this Court, alleging that the Department lacked the statutory authority to promulgate the Clothes Washers DFR or the Dishwashers DFR. Compl. ¶ 45–46. Mr. Word and Mr. Daquin are consumers who reside in Donley County, Texas, and New Orleans, Louisiana, respectively. Compl. ¶ 4–5. They allege that the Clothes Washers DFR and Dishwashers DFR would eliminate "their choice of a preferred clothes washer or dishwasher." Compl. ¶ 43.

On June 20, 2024, Mr. Daquin filed a petition seeking review of the Dishwashers DFR in the Fifth Circuit. The petition alleges the "direct final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Petition for Review at 1, *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024), ECF No. 1-2. Soon thereafter, Mr. Daquin filed a motion to hold the petition in abeyance pending the final disposition of this case. Motion to Hold Case in Abeyance at 1, *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. Jul. 3, 2024), ECF No. 12. The Department did not oppose the motion, but reserved "all arguments, defenses, and claims that might be presented in either" that action or this one. *Id.* at 3–4.

**LEGAL STANDARD**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A court must dismiss the action if it determines that it lacks jurisdiction over the

4

subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Stockman*, 138 F.3d at 151.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013). "One element of the case-or-controversy requirement is that plaintiffs must establish they have standing to sue." *Id.* "The irreducible constitutional minimum of standing contains three elements: (1) The plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 606 (5th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A defendant may challenge standing in a motion to dismiss under Rule 12(b)(1). *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017). A motion to dismiss for lack of standing "may either be facial or factual." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). In analyzing a facial attack on standing, the court assesses whether the plaintiff has sufficiently alleged standing in the complaint and accepts as true the complaint's well-pleaded, non-conclusory factual allegations. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## ARGUMENT

I. **THE COURTS OF APPEALS HAVE EXCLUSIVE JURISDICTION OVER CHALLENGES TO EPCA RULES.**

Plaintiffs challenge the Clothes Washers DFR and Dishwashers DFR, *see* Compl. ¶¶ 25, 38, both of which were issued pursuant to EPCA, 42 U.S.C. § 6295.[1] Congress provided a means

---

[1] In their Complaint, Plaintiffs frame their suit as one challenging the Department of Energy's ability to regulate the water usage of clothes washers and dishwashers. Compl. at 1. Plaintiffs seek

5

to challenge efficiency standards promulgated by the Department of Energy under EPCA:

> Any person who will be adversely affected by a rule prescribed under section 6293, 6294, or 6295 of this title may, at any time within 60 days after the date on which such rule is prescribed, file a petition with the United States court of appeals for the circuit in which such person resides or has his principal place of business, for judicial review of such rule.

42 U.S.C. § 6306(b)(1). And indeed, such challenges have proceeded (as intended) in the circuit courts. *See, e.g.*, *Zero-Zone, Inc. v. U.S. Dep't of Energy*, 832 F.3d 654, 660–61 (7th Cir. 2016) (considering a challenge to a final rule that adopted new energy efficiency standards for commercial refrigeration equipment); *Nat'l Elec. Mfrs. Ass'n v. U.S. Dep't of Energy*, 654 F.3d 496, 497, 503 (4th Cir. 2011) (considering petition for review of a final rule prescribed under 42 U.S.C. § 6295).

Congress often vests review of agency action in the courts of appeals, and it has long been established that "[s]pecific grants of jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts." *Ligon v. LaHood*, 614 F.3d 150, 154–55 (5th Cir. 2010) (citing *Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990) ("[W]here Congress has provided for review jurisdiction in the court of appeals, jurisdiction there is exclusive.")); *see also Telecomm. Rsch. & Action Ctr. v. Fed. Commc'n Comm'n*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("[A] statute which vests

---

relief "under Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702 [("APA")]." Compl. ¶ 2; *see also* Petition for Review 1, *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024), ECF No. 1-2 (stating Plaintiffs' intent "to challenge this rule under the Administrative Procedure Act seeking injunctive relief in district court that would be unavailable in a petition for review"). Because judicial review under the APA is limited to "final agency action," 5 U.S.C. § 704, Defendants understand Plaintiffs to be challenging the two DFRs that embody the legal interpretation they contest—the Clothes Washers DFR and Dishwasher DFR. Those are the only two final agency actions challenged in the Complaint, and the only ones that Plaintiffs allege they have been "harmed by," Compl. ¶ 43.

To the extent Plaintiffs purport to challenge a freestanding legal interpretation not reduced to final agency action, their suit would have to be dismissed. *See, e.g.*, *Bennett v. Spear*, 520 U.S. 154 (1997) (setting out standards for final agency action).

6

jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." (collecting cases)).

The preclusion of district-court jurisdiction is particularly evident here: not only does EPCA vest review of final rules in circuit court, but it vests *other* causes of action in district court. Specifically, Section 6306(c) provides that federal district courts have jurisdiction over actions brought by "(1) any adversely affected person to determine whether a State or local government is complying with [energy conservation requirements]; and (2) any person who files a petition under section [42 U.S.C. § 6295(n)] which is denied by the Secretary." Under the *expressio unius* canon of interpretation, "a statute that mandates a thing to be done in a given manner normally implies that it shall not be done in any other manner." *Tex. Off. of Pub. Util. Counsel v. Federal Commc'ns Comm'n*, 183 F.3d 393, 443 n.96 (5th Cir. 1999). By specifying two situations in which district courts have jurisdiction over claims arising from EPCA, the statute divests district courts of jurisdiction to hear other EPCA claims. *Cf. Berkley v. Mountain Valley Pipeline, LLC*, 896 F.3d 624, 629–30 (4th Cir. 2018) (applying such reasoning to the Natural Gas Act) (citing *Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 181 (4th Cir. 2016) (applying such reasoning to the Securities and Exchange Act of 1934)). Accordingly, Plaintiffs must proceed in the Fifth Circuit.

In the only case to have considered Section 6306's preclusive effect, the Second Circuit held that EPCA divests district courts of jurisdiction over challenges to EPCA rules. *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 185 (2d Cir. 2004).[2] Certain plaintiffs in that case believed

---

[2] In another case, the Ninth Circuit considered where challenges of a type "unlisted" in either Section 6306(b)(1) or 6306(c) should be heard in circuit or district court. *See Cal. Energy Comm'n v. Dep't of Energy*, 585 F.3d 1143, 1148 (9th Cir. 2009). While that is not the question presented here, it is worth noting that the Ninth Circuit read EPCA as requiring "one group of cases [in § 6306(b)(1)] to be decided initially by the circuit courts, and another class [in § 6306(c)] to be decided in the first instance by the district courts." *Id.* That accords with the reasoning of *Abraham*—which the Ninth Circuit cited approvingly, *see* 585 F.3d at 1148–49—and the Department's argument here.

that the Department had improperly amended certain rules to delay their effective date and sued in district court to challenge those amendments. *Id.* at 190–91. The district court dismissed for lack of subject-matter jurisdiction, and the Second Circuit affirmed. *Id.* at 184. The court began by accepting the widely-held premise that "where there is a specific statutory grant of jurisdiction to the court of appeals, it should be construed in favor of review by the court of appeals." *Id.* at 193 (emphasis omitted) (collecting cases). Turning to the statute at issue, the Second Circuit held that "the statutory structure of the jurisdictional provisions of the consumer appliance portion of the EPCA favors finding jurisdiction in this [circuit] court." *Id.* (citing 42 U.S.C. § 6306(b)).

As the Department does above, the Second Circuit also relied on the fact that "the EPCA excise[s] certain specific acts (or, more accurately, failures to act) that are subject to review in the district courts." *Id.* That "dichotomy," as the Second Circuit put it, "is consistent with the traditional allocation of reviewing authority." *Id.* Because "[r]ulemaking proceedings do not ordinarily necessitate additional factfinding by the district court to effectuate the review process," it makes sense for Congress to vest review of such procedures in the courts of appeals. *Id.* Contrast that with "the exceptions to review by a court of appeals found in § 6303," which more often require factfinding, and EPCA's "dichotomy" makes sense. *Id.* at 193–94; *cf. Loan Syndications & Trading Ass'n v. Sec. & Exch. Comm'n*, 818 F.3d 716, 719 (D.C. Cir. 2016) ("Agencies typically compile records, rendering the district court's factfinding capacity unnecessary. And because appeals are all but guaranteed, requiring district court review may only add delay and expense.") (internal citation and alterations omitted). For the same reasons stated in *Abraham*, this court should dismiss for lack of jurisdiction.

Notably, Plaintiffs have already petitioned the Fifth Circuit for review of the Dishwashers DFR. *See* Petition for Review, *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024), ECF No. 1-2. Yet the petition was styled as preservative, insofar as Plaintiffs wished also

8

"to challenge [the DFRs] under the Administrative Procedure Act, seeking injunctive relief in district court that would be unavailable in a petition for review." *Id.* at 1. Plaintiffs do not specify what "injunctive relief" would be unavailable in the Fifth Circuit, and no such difference is apparent. Rather, EPCA vests the same standard-of-review and remedial powers in the Fifth Circuit as this Court would otherwise have under the APA. *See* 42 U.S.C. § 6306(b)(2) ("the court [of appeals, presented with an EPCA petition] shall have jurisdiction to review the rule in accordance with chapter 7 of Title 5 [(the APA's judicial-review chapter)] and to grant appropriate relief as provided in such chapter.").

In their Petition for review in the Fifth Circuit and subsequent abeyance motion, Plaintiffs cited EPCA Section 6306(b)(4), which states: "The remedies provided for in this subsection shall be in addition to, and not in substitution for, any other remedies provided by law." *See* Petition for Review at 1 (quoting 42 U.S.C. § 6306(b)(4)). But that subsection, by its own terms, merely preserves *remedies* other than those available under EPCA. Subsection (b)(4) does nothing to preserve alternative causes of action or grants of jurisdiction. Nor can it surmount the obvious inference from Section 6306(b)(1), reinforced by Section 6306(c), that jurisdiction to challenge EPCA rules is vested exclusively in the courts of appeals. *See Abraham*, 355 F.3d at 193–94.[3]

Finally, to the extent that "there is any ambiguity as to whether jurisdiction lies with a district court or with a court of appeals," courts consistently resolve such ambiguities "in favor of review by a court of appeals." *City of Southlake v. Fed. Aviation Admin.*, 679 F. Supp. 618, 622 n.8 (N.D. Tex. 1986) (quoting *Suburban O'Hare Comm'n v. Dale*, 787 F.2d 186, 192 (7th Cir. 1986)); *accord Ligon*, 614 F.3d at 154; *Abraham*, 355 F.3d at 193; *Nat'l Parks & Conservation Ass'n v. Fed. Aviation Admin.*, 998 F.2d 1523, 1529 (10th Cir. 1993); *Gen. Elec. Uranium Mgmt.*

---

[3] The APA is itself limited to reviewing agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As noted above, the courts of appeals under EPCA provide the same relief available under the APA. *See* 42 U.S.C. § 6306(b)(2). Thus, review under EPCA is an "adequate remedy" and precludes an alternative action under the APA.

9

*Corp. v. U.S. Dep't of Energy*, 764 F.2d 896, 903 (D.C. Cir. 1985). This well-settled principle confirms that, if the Court has any doubts about the appropriate forum for Plaintiffs' claim, those doubts should be resolved in favor of review in the Fifth Circuit.

This Court lacks jurisdiction to hear Plaintiffs' case and should dismiss it so that Plaintiffs may pursue their claims, if at all, in the Fifth Circuit.[4]

## II. PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED AN INJURY IN FACT.

It is Plaintiffs' burden to articulate and plausibly plead an injury in fact. *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 528–29 (5th Cir. 1996) (citing *Lujan*, 504 U.S. at 560–61). They have failed to do so here.

The lost opportunity to purchase products, because they are precluded by regulation, can sometimes constitute an injury in fact. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 467 (5th Cir. 2024) (citing *Weissman v. Nat'l R.R. Passenger Corp.*, 21 F.4th 854, 857 (D.C. Cir. 2021)). "A market participant with many choices is advantaged relative to a participant with fewer choices, and market participants are therefore injured when their choices are constrained by regulation." *Id.* But when a plaintiff proceeds under this theory, courts must ask "whether government action [has] meaningfully abridged a concrete interest of the plaintiff in accessing the desired product." *Weissman*, 21 F.4th at 857. "That inquiry has focused on two considerations: whether the challenged action made a consumer's desired product, as defined by its core features, 'not readily available,' and whether it rendered the product 'unreasonably priced.'" *Id.* at 858 (citation omitted).

Plaintiffs have not pleaded convincingly that their choice in desired appliances has been, or will be, "meaningfully abridged." *Id.* Only one paragraph of the Complaint, Paragraph 43,

---

[4] The United States agrees that these DFRs may be challenged in the Courts of Appeals but otherwise reserves all claims, defenses, and arguments that might be asserted in all such proceedings, including the action pending in the Fifth Circuit.

articulates the Plaintiffs' "personal stake in the outcome of the controversy," *Baker v. Carr*, 369 U.S. 186, 204 (1962). It reads: "Plaintiffs are consumers of consumer appliances that are unlawfully regulated by the Defendant. They are harmed by these recent direct final rules, because their choice of a preferred clothes washer or dishwasher would be eliminated by these rules." Compl. ¶ 43. At no point in the Complaint do Plaintiffs identify, with any specificity, what dishwasher(s) or clothes washer(s) would be rendered unavailable by the challenged DFRs. They do not identify the "core features" of their preferred appliance, or why a product with those features would no longer be available. *Weissman*, 21 F.4th at 858. Neither Plaintiff even alleges that he owns (or plans to purchase) a dishwasher or clothes washer. Nor do Plaintiffs allege any facts explaining how dishwashers or clothes washers will become "unreasonably priced" because of these new standards. *Id.*[5]

Indeed, Plaintiffs have not explained why the DFRs would constrict market choices at all. The DFRs will only affect appliances manufactured three years (in the case of dishwashers) or four years (in the case of clothes washers) from the relevant rule's publication. *See* 42 U.S.C. § 6295(g)(4)(C)(ii); Clothes Washers DFR at 19,027; Dishwashers DFR at 31,999. To sustain their theory, therefore, Plaintiffs must plausibly plead that at some point, after April 23, 2027 or March 1, 2028, their preferred low-efficiency appliances would no longer be available. They have not. Plaintiffs make no attempt to show that they intend to purchase any dishwasher or clothes washer—let alone one impacted by these rules—after those dates.

More than that, Plaintiffs would have to allege that the constriction will be *meaningful*. *See, e.g.*, *Weissman*, 21 F.4th at 858 (government action could "meaningfully abridge[] a concrete interest of the plaintiff in accessing the desired product . . . [when] it rendered the product

---

[5] Because they have not alleged an injury in fact, Plaintiffs have *per se* failed to allege that any such harm is traceable to the challenged DFRs or redressable through relief available in this case—both of which are required for Article III standing. *See Morgan*, 879 F.3d at 606.

'unreasonably priced.'"). For example, Plaintiffs might (but don't) allege that the higher-efficiency models will cost more than their less-efficient counterparts. Or they might allege that higher-efficiency models will eliminate a feature of significance to plaintiffs. But again, they have not. At the very most, and even crediting Plaintiffs' bare allegations, they merely "rely on a 'speculative chain of possibilities' to establish a likelihood of future harm traceable to" the DFRs. *Murthy v. Missouri*, 144 S. Ct. 1972, 1993 (2024) (quoting *Clapper v. Amnesty Int'l*, 568 U.S. 398, 414 (2013)). As a result, they have not established standing.

Plaintiffs' failures put this case in stark relief from those in which lost-purchase-opportunity theories have been accepted. *See, e.g.*, *Louisiana*, 90 F.4th at 468–69 ("Here, the States submitted multiple declarations to establish they own, operate, and maintain residential appliances—including dishwashers, clothes washers, and clothes dryers.") (citing, *inter alia*, a declaration from the Montana Highway Patrol, explaining how faster-cycle appliances would increase that State agency's productivity); *Competitive Enter. Inst. v. Nat'l Highway Traffic Safety Admin.*, 901 F.2d 107, 112–13 (D.C. Cir. 1990) ("In affidavits, Consumer Alert's members state that they have looked for, but have been unable to find new cars of large size, such as station wagons, in a price range they could afford. Consumer Alert's president stated that she had been contacted by many members who have been frustrated by the declining availability and high prices of large cars, which they prefer for reasons of safety, comfort, and performance."); *Sierra Club v. Perry*, 373 F.Supp.3d, 128, 137 (D.D.C. 2019) (declarations of Sierra Club members established "lost opportunity to purchase new, energy-efficient manufactured homes of their choice" and satisfied injury-in-fact requirement).

In sum, armed with the "isolated statement" in Paragraph 43, *Coalition for Mercury-Free Drugs v. Sebelius*, 671 F.3d 1275, 1282 n.4 (D.C. Cir. 2012), Plaintiffs have not alleged an injury in fact sufficient for federal jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' complaint should be dismissed.

Dated:  August 19, 2024                             Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    JOSEPH E. BORSON
                                                    Assistant Branch Director

                                                    /s/ *Jason C. Lynch*
                                                    JASON LYNCH (D.C. Bar No. 1016319)
                                                    Trial Attorney
                                                    Federal Programs Branch
                                                    U.S. Department of Justice, Civil Division
                                                    1100 L Street, NW
                                                    Washington, DC 20005
                                                    Telephone: (202) 514-1359
                                                    Email: Jason.Lynch@usdoj.gov

                                                    *Counsel for Defendants*

13