IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BILL WORD and DAVID DAQUIN, | |
| Plaintiffs, | |
| v. | 2:24-CV-130-Z |
| UNITED STATES DEPARTMENT OF ENERGY, | |
| Defendant. | |

**ORDER**

Before the Court are Defendant's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (ECF No. 14) and The Association of Home Appliance Manufacturers' ("Movant") Motion to Intervene ("Motion to Intervene") (ECF No. 8). The Motion to Dismiss is **GRANTED**, meaning that the Motion to Intervene is **DENIED** as **MOOT**.

**BACKGROUND**

Plaintiffs bring the instant lawsuit to ensure they can use their preferred clothes washer and dishwasher. *See* ECF No. 1 ¶ 43. The Department of Energy ("Department"), they argue, stands in their way, exceeding its authority to regulate efficiency standards for certain home appliances under the Energy Policy and Conservation Act of 1975 ("EPCA"). *See generally* 42 U.S.C. §§ 6295(g)(9) (standards for residential clothes washers), 6295(g)(10) (standards for residential dishwashers). Specifically, Plaintiffs challenge two recently issued Direct Final Rules ("DFRs") to amend EPCA's water-efficiency standards for residential dishwashers and clothes washers. *See* Energy Conservation Standards for Residential Clothes Washers, 89 Fed. Reg. 19,026 (Mar. 15, 2024) ("Clothes Washers DFR"); Energy Conservation Standards for Dishwashers, 89 Fed. Reg. 31,398 (Apr. 24, 2024) ("Dishwashers DFR").

Plaintiffs filed the instant suit on June 13, 2024, seeking only declaratory and injunctive relief against the Department and alleging that it promulgated the foregoing DFRs *ultra vires*. ECF No. 1 ¶¶ 44–46. One week later, on June 20, 2024, Plaintiff Daquin filed a petition seeking review of the Dishwashers DFR from the Fifth Circuit. That petition alleges that the "direct final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024), ECF No. 1-2 at 1.

The Department now moves to dismiss Plaintiffs' sole claim under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction. ECF No. 14 at 6–7.

### LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see* FED. R. CIV. P. 12(b)(1) (allowing a party to assert by motion the lack of subject matter jurisdiction). The burden of proof for a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal under Rule 12(b)(1) "is not a determination on the merits" and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

### ANALYSIS

The central issue here is whether the EPCA grants concurrent or exclusive jurisdiction to hear DFR challenges in the Fifth Circuit. That statute specifically prescribes methods for administrative procedure and judicial review. The relevant text provides: "[a]ny person who will be adversely affected by a rule . . . may . . . file a petition with the United States court of appeals for the circuit in which such person resides or has his principal place of business, for judicial review of such rule." 42 U.S.C. § 6306(b)(1).

2

Plaintiffs argue that because the statute uses the word "may," appellate jurisdiction here is "permissive, not mandatory." ECF No. 18 at 15. They rely on *Cochran v. SEC*, where the Fifth Circuit held that the Securities Exchange Act of 1934 ("SEA") grants concurrent jurisdiction to district and appellate courts to review Final Commission orders. 20 F.4th 194, 200–01 (5th Cir. 2021) (en banc). The jurisdictional statute there used the same "may" language as Section 6306(b)(1) of the EPCA. *See* 15 U.S.C. § 78y(a)(1). The Fifth Circuit reasoned that "[i]t would be troublingly counterintuitive to interpret § 78(a)(1)'s permissive language as eliminating alternative routes to federal court review, especially in the context of separation-of-powers claims of the sort at issue here." *Id.* at 201. Plaintiffs urge this Court to adopt *Cochran*'s reasoning in the EPCA context. ECF No. 18 at 15.

It is true that, as a "default rule," district courts review agency actions. *Int'l Bhd. of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994); *Five Flags Pipe Line Co. v. Dep't of Transp.*, 854 F.2d 1438, 1439 (D.C. Cir. 1988). But that presumption evaporates "when there is a specific statutory grant of jurisdiction to the court of appeals." *Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 193 (2d Cir. 2004). In that case, the jurisdictional grant "should be construed in favor of review by the court of appeals." *Id.*; *see Nat'l Parks & Conservation Ass'n v. FAA*, 998 F.2d 1523, 1529 (10th Cir. 1993) (noting that "[i]f there is any ambiguity as to whether jurisdiction lies with a district court or with a court of appeals we must resolve that ambiguity in favor of review by a court of appeals").

Exclusive appellate jurisdiction is especially apt in the EPCA context. First, the statutory structure requires it. Section 6306(b)(1) is a "general grant of jurisdiction," *Abraham*, 355 F.3d at 193, that instructs "persons adversely affected by rules" to file a petition "with the United States court of appeals for the circuit in which such person resides," 42 U.S.C. § 6306(b)(1). The EPCA then excises only two discreet issues subject to district-court review. *See id.* § 6306(c) (authorizing district-court review over actions to determine whether a state or local government meets EPCA requirements or for

3

petitions filed under Section 6295(n)). Neither of the foregoing discreet jurisdictional grants are at issue here. *See generally* ECF No. 1 (complaint). Contra Plaintiffs, therefore, the EPCA is not ambiguous when conferring jurisdiction to district courts. While other statutes like the SEA authorize concurrent review, *see Cochran*, 20 F.4th at 200–01, the EPCA's plain text precludes that here.

Second, it makes little sense for a district court to review the kind of agency action Plaintiffs challenge. That is because "[r]ulemaking proceedings do not ordinarily necessitate additional factfinding by a district court to effectuate the review process." *Abraham*, 355 F.3d at 193; *see Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (noting that the "factfinding capacity of the district court is . . . typically unnecessary to judicial review of agency decisionmaking"). When the EPCA confers jurisdiction to the district court, it does so for issues appropriate for that forum — namely, whether a state or local government in fact met its EPCA requirements. 42 U.S.C. § 6306(c)(1). But Plaintiffs challenge the underlying agency decisions themselves, which, as the foregoing authorities demonstrate, are more appropriate for appellate review in this limited EPCA context.

### CONCLUSION

Plaintiffs make much of the word "may" in Section 6306(b)(1). But here, "may" means "must" in the context of EPCA jurisdictional grants.[1] Therefore, Plaintiffs' Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction and Movant's Motion to Intervene is **DENIED as MOOT**.

**SO ORDERED**.

November 26, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] To this Court's knowledge, only one case has ever addressed concurrent versus exclusive appellate jurisdiction under the EPCA, and that case held that the EPCA confers exclusive jurisdiction to appellate courts. *Abraham*, 355 F.3d at 191–94.