IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BILL WORD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF ENERGY, <br><br> Defendant. | Case No. 2:24-cv-00130-Z |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' RULE 59(E) MOTION
TO AMEND THE COURT'S PRIOR JUDGMENT**

Defendant the U.S. Department of Energy hereby responds in opposition to Plaintiffs' Motion to Alter or Amend the Judgment Under F.R.C.P. 59(e) (ECF No. 25).

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**I. PLAINTIFFS' MOTION SHOULD BE DENIED AT THE THRESHOLD.** ........................................... 3

    **A. Rule 59(e) Is Not an Appropriate Vehicle for Expressing Mere Disagreement With the Court's Decision.** ........................................................................................ 3

    **B. The Court Need Not Amend Its Opinion to Facilitate Appellate Review** .............. 4

**II. PLAINTIFFS' MOTION SHOULD BE DENIED ON ITS MERITS.** .................................................. 5

    **A. Plaintiffs' Proposed Interpretation Is Incompatible With the Statutory Text and Structure.** ................................................................................................................... 5

    **B. *Abbott Laboratories* Does Not Salvage Plaintiffs' Claims.** ...................................... 7

**CONCLUSION** ............................................................................................................................. 11

**INTRODUCTION**

Plaintiffs sought to challenge certain final rules issued under the Energy Policy and Conservation Act of 1975 ("EPCA"). Congress has ordained a specific procedure for bringing such challenges: 42 U.S.C. § 6306(b)(1), which affords any adversely-affected person the right to petition for review in a U.S. Court of Appeals. Such provisions have long been held vest exclusive jurisdiction in circuit court and to prevent parallel suits in district court. *See, e.g.*, *JTB Tools & Oilfield Servs. v. United States*, 831 F.3d 597 (5th Cir. 2016) (considering statute with language identical to EPCA's). In the only case to have considered EPCA specifically, the Second Circuit held that district courts may not hear challenges to EPCA final rules. *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 185 (2d Cir. 2004). This Court correctly reached the same conclusion and dismissed Plaintiffs' claims. *See* Order (Nov. 26, 2024), ECF No. 23.

Plaintiffs now move the Court to reconsider its conclusion. *See* Plaintiffs' Motion to Alter or Amend the Judgment Under F.R.C.P. 59(e) (Dec. 19, 2024), ECF No. 25 ("Mot."). Specifically, Plaintiffs want the Court to rule that 42 U.S.C. § 6306(b)(4) creates an "exception" to the exclusivity in Section 6306(b)(1). *Id.* at 13. But Rule 59(e) is not meant merely to relitigate questions that were already briefed and submitted by the Parties—as the Section 6306(b)(4) question was. *See* Def. Mot. to Dismiss 9 (Aug. 19, 2024), ECF No. 14; Pls. Opp'n 1, 6–7, 10, 12–14 (Sep. 9, 2024), ECF No. 18; Def. Reply 6 (Sep. 23, 2024), ECF No. 19. Plaintiffs do not attempt to show that the Court's decision was a "manifest error[] of law," *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004), or that there has been any intervening change in fact or law. Rather, Plaintiffs simply disagree with the Court's ruling. But the appropriate process for vindicating their position is an appeal to the Fifth Circuit, not a Rule 59(e) motion in this Court.

1

Even assuming Plaintiffs' motion is proper under Rule 59(e), the motion should be denied on its merits. Section 6306(b)(4) does not create an "exception to the exclusive jurisdiction of the appellate court." Mot. 1. Unlike Sections 6306(b)(2) and 6306(c), which use the word "jurisdiction" to refer to circuit and district courts, respectively, Section 6306(b)(4) uses the word "remedies." That would be an odd (and inconsistent) choice of phrasing for a jurisdictional exception. For that matter, it would be strange to find *any* carveout for district-court jurisdiction in Section 6306(b), which only addresses procedure in the circuit courts. And Plaintiffs' interpretation of Section 6306(b)(4) would render Section 6306(c) redundant, which is yet another reason to reject Plaintiffs' reading.

Finally, the Supreme Court's decision in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967) is not "binding law" (Mot. 1) on the question of how to interpret EPCA. To the contrary, the statute interpreted in *Abbott Laboratories* was materially different, both textually and contextually, and the Supreme Court there rejected an inferential argument that the Department of Energy did not make in this case. Furthermore, the Supreme Court's background assumptions about the sweep of equitable jurisdiction in 1967 have been altered by subsequent amendments to the Administrative Procedure Act and caselaw clarifying the relationship between legal and equitable review of agency action—all of which the Department briefed previously. *See* Def. Reply 7–9 & n.4. Far from controlling the outcome of this case, *Abbott Laboratories* has little to say on the question presented.

Plaintiffs' motion for reconsideration should be denied.

I.    **PLAINTIFFS' MOTION SHOULD BE DENIED AT THE THRESHOLD.**

    A.   **Rule 59(e) Is Not an Appropriate Vehicle for Expressing Mere Disagreement With the Court's Decision.**

A Rule 59(e) movant "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (cleaned up)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Emps. Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000); 11 Wright & Miller, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995)).

    Plaintiffs do not purport to raise a "manifest error[] of law." *Templet*, 367 F.3d at 479. Nor do they claim an error of fact or newly discovered evidence (which would be inappropriate in a record-review case, in any event). Rather, they fault the Court for not addressing *every* subsection of the statute or distinguishing *every* case that Plaintiffs cited. But they cite no authority for the proposition that either perceived flaw constitutes manifest legal error within the meaning of Rule 59(e). In this case, the Court interpreted the correct statute under the correct standard and rejected Plaintiffs' reading of the most important provision of that statute: 42 U.S.C. § 6306(b)(1), which vests exclusive jurisdiction over Plaintiffs' claims in the Fifth Circuit. *See* Order 2–4 (Nov. 26, 2024), ECF No. 23. The Court need not have addressed Section 6306(b)(4), which is an ancillary remedial provision that—as argued by the Department previously and reiterated below—does

3

nothing to support Plaintiffs' jurisdictional argument. Nor was the Court obliged to discuss *Abbott Laboratories*, which interpreted a materially different statute enacted 37 years before EPCA.

Plaintiffs are free to disagree with the Court's conclusion and to appeal from it. But they have not raised a Rule 59(e)-worthy issue, and their motion should be denied for that reason alone. *See, e.g.*, *Nat'l Athletic Trainers' Ass'n, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 394 F. Supp. 2d 883, 898 (N.D. Tex. 2005) (it is "not proper in a Rule 59(e) motion" to "merely repeat[] arguments that were already made, or which could have been made"), *aff'd*, 455 F.3d 500 (5th Cir. 2006); *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001) ("A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. Also, a motion based on recycled arguments only serves to waste the resources of the court.") (citations omitted).

**B.    The Court Need Not Amend Its Opinion to Facilitate Appellate Review.**

At the outset of their motion, Plaintiffs suggest that relief is necessary to facilitate appellate review. *See* Mot. 2 ("Without an initial decision by this Court as to the meaning of 42 U.S.C. § 6306(b)(4), any appeal would likely result in a remand for this Court to focus on matters that it did not previously address."). But it is undisputed that Plaintiffs raised Section 6306(b)(4) in their papers; the argument was not waived or forfeited. Moreover, if Plaintiffs appealed from this Court's dismissal order, the Fifth Circuit could rule on "any ground supported by the record," regardless of whether "the district court addressed the ground, so long as the argument was raised below." *Ortega Garcia v. United States*, 986 F.3d 513, 533 n.75 (5th Cir. 2021) (quoting *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014)). Thus, the Court does not need to address Section 6306(b)(4) for Plaintiffs to press that argument on appeal.

## II.     PLAINTIFFS' MOTION SHOULD BE DENIED ON ITS MERITS.

Plaintiffs argue—as they did in opposition to the Department's motion to dismiss—that Section 6306(b)(4) preserves jurisdiction in this Court over challenges to EPCA final rules. The Department has already explained why that is wrong. *See* Def. Mot. to Dismiss 9; Def. Reply 6. The Department incorporates those arguments by reference and emphasizes the following points.

### A.     Plaintiffs' Proposed Interpretation Is Incompatible With the Statutory Text and Structure.

Plaintiffs' proposed interpretation of Section 6306(b)(4) is incompatible with the statutory text and structure in at least three ways.

First and foremost, Plaintiffs elide the textual distinction between Section 6306(b), which addresses courts of appeals, and Section 6306(c), which addresses district courts. After Section 6306(b)(1) vests an exclusive right to petition a circuit court, Sections 6306(b)(2) and (b)(3) both govern the procedure for review in "the court"—which can only refer back to "the United States court of appeals for the circuit in which [the petitioner] resides or has his principal place of business." 42 U.S.C. § 6306(b)(1); *compare id.* § 6306(b)(2) ("Upon the filing of the petition referred to in paragraph (1), *the court* shall have jurisdiction to review the rule in accordance with [the Administrative Procedure Act]." (emphasis added)); *id.* § 6306(b)(3) ("The judgment of *the court* affirming or setting aside, in whole or in part, any such rule . . ." (emphasis added)). But then, according to Plaintiffs, the statute abruptly (and implicitly) pivots to addressing the jurisdiction of district courts in Section 6306(b)(4) before returning—explicitly, this time—to the subject of the district courts' jurisdiction in Section 6306(c). That is simply not a plausible reading of the statutory scheme. It is far more consonant to read Section 6306(b)(4), like every other provision in Section 6306(b), as pertaining only to petitions in circuit court.

Second, the text of Section 6306(b)(4) itself belies Plaintiffs reading. Unlike Sections

5

6306(b)(2) and 6306(c), which use the word "jurisdiction," Section 6306(b)(4) refers only to "remedies." That would be an odd textual choice to preserve *jurisdiction*, given the express use of that word in two neighboring provisions. Moreover, the provision refers to "remedies provided for *in this subsection*." 42 U.S.C. § 6306(b)(4) (emphasis added). The word "subsection" in this context can only refer to 42 U.S.C. § 6306(b). But as noted above, Section 6306(b) governs only petitions in circuit court—not actions in district court, which are the province of Section 6306(c). It would be especially anomalous to use "remedies provided for in this subsection" to refer to remedies available in district court, when that subsection otherwise refers only to circuit courts.

Finally, Plaintiffs' reading would render Section 6306(c) redundant. If Section 6306(b)(4) preserved district-court jurisdiction over every claim not mentioned in Section 6306(b)(1), then that would already include the two claims listed in Section 6306(c)(1) and (c)(2). The only reason to vest those specific causes of action in Section 6306(c) is that they were *not* preserved by Section 6306(b)(4). Courts typically avoid interpreting statutes in a way that leaves any provision redundant, *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 294 (5th Cir. 2020) (en banc), which is yet another reason to reject Plaintiffs' reading.

*    *    *

Sections 6306(b)(1) and 6306(c) are addressed to jurisdiction of the circuit and district courts, respectively. Section 6306(b)(4) is addressed to remedies—and even then, only the remedies that *circuit courts* may award for a successful petition challenging an EPCA final rule. It is not a "savings clause" regarding district-court jurisdiction. *Contra* Mot. 6–8. Plaintiffs' reading should be rejected as conflicting with the statute.

### B. *Abbott Laboratories* Does Not Salvage Plaintiffs' Claims.

Plaintiffs argue that the Supreme Court's 1967 decision in *Abbott Laboratories* controls this case. Mot. 1, 3, 10–12. That is wrong for several reasons, which the Department has already explained (Def. Reply 5–6) and incorporates by reference here. To remove any doubt, the Department will elaborate further.

*Abbott Laboratories* concerned the Food, Drug, and Cosmetic Act of 1938 ("FDCA"). In 1962, Congress modified Section 502(e) of the FDCA (21 U.S.C. § 352(e) (1964)[1]) to require that drug manufacturers include the "established name" of a drug along with the "proprietary name" used by the manufacturer. *Abbott Labs.*, 387 U.S. at 1509–10; Drug Amendments of 1962, Pub. L. No. 87-781, § 112, 76 Stat. 780, 790. The Commissioner of Food and Drugs issued implementing regulations, which were challenged in district court by a group of drug manufacturers. *Id.* at 1510.

Section 701 of the FDCA, 21 U.S.C. § 371, provides for "regulations and hearings." As relevant to *Abbott Laboratories*, the FDCA provided a process by which the Secretary of Health and Human Services could issue an order "issuing, amending, or repealing" any "regulation contemplated by" subsections 502(d) or 502(h) of the FDCA. *See* 21 U.S.C. § 371(e) (1964). Such an order could then be challenged in the relevant U.S. Court of Appeals. *Id.* § 371(f). The Third Circuit in *Abbott Laboratories* had accepted the government's argument that "the special review procedures of § 701" precluded the plaintiffs' challenge to the Section 502(e) regulations. 387 U.S. at 139. The Supreme Court reversed on that question. *Id.* at 139–48.

Key to the Court's decision, however, was that circuit-court review was limited to orders

---

[1] The Department cites the 1964 version of the FDCA where the relevant language was subsequently amended.

issued under FDCA Sections 502(d) or 502(h), and the plaintiffs in *Abbott Laboratories* were challenging a regulation issued under Section 502(e). In other words, the plaintiffs had challenged a regulation issued under a provision explicitly outside the scope of the courts of appeals' exclusive jurisdiction. This is the relevant passage from the Supreme Court's opinion, with the critical language emphasized:

> The Government relies on no explicit statutory authority for its argument that pre-enforcement review is unavailable, but insists instead that because the statute includes a specific procedure for such review of certain enumerated kinds of regulations,³ *not encompassing those of the kind involved here*, other types were necessarily meant to be excluded from any pre-enforcement review.
>
> The issue, however, is not so readily resolved; we must go further and inquire whether in the context of the entire legislative scheme the existence of *that circumscribed remedy* evinces a congressional purpose to bar agency action *not within its purview* from judicial review. As a leading authority in this field has noted, 'The mere fact that *some acts* are made reviewable should not suffice to support an *implication* of exclusion as to *others*. The right to review is too important to be excluded on such slender and indeterminate evidence of legislative intent.' Jaffe, *supra*, at 357.

*Abbott Labs.*, 387 U.S. at 1511–12 (emphasis added). The government was making an inferential argument based on the review process for similar (but distinct) regulations. As the Department has explained, this was akin to a *Thunder Basin* argument. *See* Def. Reply 5–6. The Supreme Court rejected that argument.

But that is not the Department's argument here. The relevant provision of EPCA, 42 U.S.C. § 6306(b)(1), provides *explicitly* for review of Plaintiffs' claims themselves—not some related claim(s) from which the Court might *infer* exclusive jurisdiction in circuit court. *See* Def. Reply 4 (citing *JTB Tools & Oilfield Servs. v. United States*, 831 F.3d 597 (5th Cir. 2016) (finding that identical language "plain[ly]" "grant[ed] exclusive jurisdiction to courts of appeals")). Unlike in

8

*Abbott Laboratories*, this Court need not infer anything; the exclusivity is "plain." *JTB Tools*, 831 F.3d at 599. This is the difference between the *Thunder Basin* and *TRAC* doctrines, *see* Def. Reply 2–5, which Plaintiffs continue to ignore.

Aside from the fact that *Abbott Laboratories* passed on a different question than the one presented here, there are other reasons why EPCA did not bring the "old soil" of *Abbott Laboratories* with it. Mot. 3–4. First, EPCA's "remedies" provision falls within a subsection that deals exclusively with circuit-court review and is followed by a separate subsection addressing district-court claims. By contrast, FDCA bears no such structural division. Furthermore, the Court in *Abbott Laboratories* relied heavily on legislative context: "At the time the Food, Drug, and Cosmetic Act was under consideration, in the late 1930's, the Administrative Procedure Act had not yet been enacted, the Declaratory Judgment Act was in its infancy, and the scope of judicial review of administrative decisions under the equity power was unclear." *Abbott Labs.*, 387 U.S. at 142.[2] None of that is true of EPCA, which was enacted 37 years after FDCA, when the relationship between legal and equitable review of agency action was far better defined. *Cf.* Def. Reply 7 (citing *Fed. Commc'ns Comm'n v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984) (stating that, where exclusive jurisdiction lies in circuit court, plaintiffs "may not evade these provisions by requesting the District Court to enjoin [as *ultra vires*] action that is the outcome of the agency's order" (citing *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 69 (1970); *Whitney Nat'l Bank v. Bank of New Orleans*, 379 U.S. 411, 419–22 (1965))).[3] Since

---

[2] Again, the Court in *Abbott Laboratories* was relying on this context to reject an argument that the Department does not advance here.

[3] Plaintiffs emphasize that EPCA was enacted only eight years after *Abbott Laboratories*. Mot. 6. But the relevant measurement is between 1938 (the context that informed the Court's decision) and 1975, when EPCA was enacted.

9

that era, the limits of *ultra vires* review have been made still clearer. *See* Def. Reply 8–9 & n.4.[4] Both textually and contextually, EPCA's language was planted in different soil.

EPCA's text and structure forbid Plaintiffs' interpretation of 42 U.S.C. § 6306(b)(4). Nothing in *Abbott Laboratories*—which interpreted a different statute (enacted in a different context) to reject a different argument than the one presented here—changes that conclusion.

Plaintiffs also claim "support in case law from courts nationwide." Mot. 6. In fact, Plaintiffs cite three cases from the District of Delaware—one of which was affirmed by the Third Circuit, though on a ground not articulated by the district court—and one case from the Western District of Michigan. *Id.* at 6–8. That hardly constitutes a national consensus. In any event, those cases are inapposite for much the same reasons as *Abbott Laboratories*: they interpreted materially different statutes and were issued at a time (collectively, between 1969–1972) when the parameters of legal and equitable review were far less well defined.

Plaintiffs' principal reliance on *Volpe* (Mot. 6–7) is misplaced. The plaintiffs in that case urged three bases of statutory jurisdiction: (1) a 1948 statute conferring jurisdiction for suits brought under anti-monopoly statutes (28 U.S.C. § 1337); (2) the Declaratory Judgment Act (28 U.S.C. § 2201); and (3) the Administrative Procedure Act. *Gen. Motors Corp. v. Volpe*, 321 F. Supp. 1112, 1119 (D. Del. 1970). Plaintiffs in this case have not invoked any of those three bases— and in fact, disclaim *any* statutory basis for jurisdiction. *See* Pls. Opp'n 3–4. And the *Volpe* court's

---

[4] For that reason, the Department will not reengage with Plaintiffs' misunderstanding of "the distinction between legal and equitable jurisdiction." Mot. 8–10. As the Department has noted (and Plaintiffs have not disputed) a divestiture of legal jurisdiction equally divests a lower court of equitable jurisdiction. Def. Reply 7 (citing *Fed. Commc'ns Comm'n*, 466 U.S. at 468; *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327–28 (2015). And even if this Court had jurisdiction to hear Plaintiffs' claims in equity, there are several (independently adequate) reasons why they could not bring such a claim here. *See* Def. Reply 8–9 & n.4.

discussion of "savings clause" in the Vehicle Safety Act, which is identical to 42 U.S.C. § 6306(b)(4), only led the court to review the agency action under the APA—something that Plaintiffs expressly do not seek in this case. *See* Pls. Opp'n 2 ("Plaintiffs are not invoking the APA's cause of action to set aside the two DFRs[.]"). *Volpe* is not relevant to any question before this Court.

Absent any caselaw to support Plaintiffs' reading of EPCA—which already contravenes the statue's text and structure—there is no reason for the Court to revisit its conclusion.

## CONCLUSION

For the foregoing reasons, and those in Defendant's prior briefs, the Court should deny Plaintiffs' Rule 59(e) motion.

Dated:  January 9, 2025                    Respectfully submitted,

                                                                 BRIAN M. BOYNTON
                                                                  Principal Deputy Assistant Attorney General

                                                                  JOSEPH E. BORSON
                                                                  Assistant Branch Director

                                                                  /s/ *Jason C. Lynch*
                                                                  JASON LYNCH (D.C. Bar No. 1016319)
                                                                  Trial Attorney
                                                                  Federal Programs Branch
                                                                  U.S. Department of Justice, Civil Division
                                                                  1100 L Street, NW
                                                                  Washington, DC 20005
                                                                  Telephone: (202) 514-1359
                                                                  Email: Jason.Lynch@usdoj.gov