IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BILL WORD and DAVID DAQUIN,

    Plaintiffs,

v.                                                 2:24-CV-130-Z

UNITED STATES DEPARTMENT
OF ENERGY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) ("Motion"), filed December 19, 2024. ECF No. 25. Defendant responded on January 9, 2025. ECF No. 26. Plaintiffs replied on January 21, 2025. ECF No. 27. The Motion is now ripe. Having considered the briefing and the relevant law, the Court **DENIES** the Motion.

### BACKGROUND

Plaintiffs filed suit in this Court on June 14, 2024, arguing that the Department of Energy ("DOE") exceeded its authority to regulate efficiency standards for certain home appliances under the Energy Policy and Conservation Act of 1975 ("EPCA"). *See* ECF No. 1 at 10–12; 42 U.S.C. § 6295(g)(9) (standards for residential clothes washers), 6295(g)(10) (standards for residential dishwashers). "Specifically, Plaintiffs challenge[d] two recently issued Direct Final Rules ('DFRs') to amend EPCA's water-efficiency standards for residential dishwashers and clothes washers." ECF No. 23 at 1. One week after filing the Complaint, Plaintiff Daquin filed a petition seeking review from the Fifth Circuit. *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024).

1

The DOE then filed a motion to dismiss Plaintiffs' claim, arguing that this Court lacked subject-matter jurisdiction. ECF No. 14. This Court granted the motion, holding that the EPCA confers exclusive—not concurrent—jurisdiction to appellate courts to hear final-rule challenges. ECF No. 23 (holding that 42 U.S.C. Section 6306(b)(1) provides an explicit grant of authority to appellate courts, with subsection (c) enumerating only two particular issues over which the district court has jurisdiction). Plaintiffs then filed the instant Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), contending that the savings clause of 42 U.S.C. Section 6306(b)(4) provides an "exception to the exclusive jurisdiction of the appellate court, and that this Court's determination that it lacks jurisdiction in this matter cannot be reconciled with that exception." ECF No. 25 at 5. Specifically, Plaintiffs take issue with the fact that "this Court's opinion failed to address 42 U.S.C. § 6306(b)(4), *Abbott Labs. v. Gardner*, 287 U.S. 136 (1967), or any other argument raised by Plaintiffs concerning this saving clause." *Id.*

**LEGAL STANDARD**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of [that] judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). For such a motion to be proper, it "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

A Rule 59(e) motion is not the proper vehicle to relitigate issues that were not resolved to the movant's satisfaction, or to raise arguments or present evidence that could have been raised prior to entry of judgment. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir.1989); *Simon*, 891 F.2d at 1159. Federal district courts possess "considerable

discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). And the Fifth Circuit has stated that Rule 59(e) actually "favor[s] the denial of motions to alter or amend a judgment," as such reconsideration constitutes an "extraordinary remedy that should be used sparingly." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Templet*, 367 F.3d at 479.

### ANALYSIS

Plaintiffs contend that 42 U.S.C. Section 6306(b)(4) furnishes an exception to the grant of exclusive appellate jurisdiction found in Section 6306(b)(1); if correct, Plaintiffs believe that this Court's dismissal for lack of jurisdiction would constitute a manifest error of law. ECF No. 27 at 1–2. Thus, Plaintiffs' invocation of Rule 59(e) based on the Court's alleged legal error is procedurally proper. *See Garziano v. La. Log Home Co., Inc.*, 569 F. App'x 292, 299–300 (5th Cir. 2014).

But no such error has occurred. As an initial matter, this Court carefully reviewed all of the parties' legal and factual contentions prior to issuing its Order, taking into consideration the entirety of all arguments presented. Lack of discussion does not equate to lack of consideration—parties are not automatically entitled to a fulsome discussion of every argument raised. *See United States v. Stephens*, No. 4:08-CV-450, 2009 WL 1422574, at *3 (N.D. Tex. May 19, 2009) ("The court need not address every argument raised by the parties to resolve the pending motions."). Here, the Court deliberately tailored its Order to a discussion of 42 U.S.C. Section 6306(b)(1), just as the only other case considering the instant jurisdictional issue has done. *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179 (2d Cir. 2004) (addressing the subject of concurrent and exclusive jurisdiction within the context of 42 U.S.C. Section 6306(b) without discussion of subsection (b)(4) or *Abbott Laboratories*).

*Abbott Laboratories* does not apply to the instant case. *Abbott Laboratories* interprets the Food, Drug, and Cosmetic Act of 1938 ("FDCA")—a materially different statute from the EPCA. The relevant portion of the FDCA (21 U.S.C. Section 371(f)) provides exclusive appellate review of the validity of "any order under subsection (e)," which enumerates six specific sections subject to review. *See* 21 U.S.C. § 371(e), (f). However, the plaintiffs in *Abbott Laboratories* sought to extend this application of exclusive appellate review to a seventh, unenumerated section. *See Abbott Labs.*, 387 U.S. at 1511 (emphasis added) ("The Government relies on no explicit statutory authority for its argument that pre-enforcement review is unavailable, but insists instead that because the statute includes a specific procedure for such review of certain kinds of regulations, *not encompassing those of the kind involved here*, other types were necessarily meant to be excluded from any pre-enforcement review."). Only for this reason did the Supreme Court inquire into the "entire legislative scheme." *Id.* ("[W]e must go further and inquire whether in the context of the entire legislative scheme the existence of that circumscribed remedy evinces a congressional purpose to bar agency action not within its purview from judicial review.").

The same need for inference fails to manifest in the instant case. The relevant portion of the EPCA (42 U.S.C. Section 6306(b)(1)) provides for exclusive appellate review of any "rule prescribed under section 6293, 6294, or 6295." Plaintiffs' claims arose under Section 6295, specifically enumerated and contemplated by the plain text of the EPCA and not within either of the jurisdictional district-court exceptions listed in Section 6306(c). Accordingly, considerations of legislative history and congressional intent as found in *Abbott Laboratories*—lending to the Supreme Court's finding of concurrent jurisdiction—are unnecessary. Here, the explicit text of the statute is clear. *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436 (2019) (emphasizing that the plain, "ordinary meaning and

structure of the law itself" governs). The FDCA and the EPCA are entirely different statutes with different legislative histories. That both contain one textually similar savings clause, the language of which only served to "buttress[]" the Supreme Court's conclusion, does not warrant this Court's application of *Abbott Laboratories*.

CONCLUSION

For the above reasons, the Court **DENIES** Plaintiffs' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). ECF No. 25.

**SO ORDERED.**

May 5, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE